IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

MAYSI YODER,

Plaintiff,

v.

SAMARITAN HOUSE

Defendant.

## NOTICE OF REMOVAL

Defendant Samaritan House ("Defendant"), by and through its undersigned counsel, Lewis Roca Rothgerber Christie LLP, and pursuant to 28 U.S.C. §§ 1331, 1367(a), and 1446 respectfully gives notice of the removal of this action from the County Court, City and County of Denver, Colorado to the United States District Court for the District of Colorado. In support of said removal, Defendant states as follows:

### INTRODUCTION

1. On October 15, 2021, Plaintiff initiated this action by filing her Complaint Under Simplified Civil Procedure against the Defendant in the County Court for the City and County of Denver, Colorado, Case No. 2021C00935 ("County Court Action"). *See* Plaintiff's Compl., attached as **Exhibit A.**

2. In the County Court Action, Plaintiff has alleged she was removed from the Samaritan House location at 2301 Lawrence Street and relocated to the Samaritan House location at 4330 48th Avenue, Denver, CO. Plaintiff claims that she was relocated from Defendant's homeless shelter on the basis of her alleged disability. As a result of these

115894502.1

allegations, Plaintiff alleges that Defendant violated the Americans with Disabilities Act ("ADA") pursuant to 42 U.S.C § 12101 et seq. Plaintiff further alleges violations of 42 U.S.C. § 3617 of the Fair Housing Act ("FHA") and of the Fourteenth Amendment of the Constitution among other claims. Since Plaintiff's complaint alleges multiple claims for relief which are created by federal law, this Court has original jurisdiction over her claims under its federal question and supplemental jurisdiction.

## COMPLIANCE WITH THE RULES

3. All procedural requirements related to the removal of this action have been satisfied.

4. On or about October 15, 2021, Plaintiff served Defendant with a Summons and copy of Plaintiff's Complaint. *See* Affidavit of Service, attached as **Exhibit B**.

5. This Notice of Removal is filed within thirty (30) days of the service of Plaintiff's Complaint and is, therefore, timely pursuant to 28 U.S.C. §§ 1441 and 1446(b).

6. Concurrent with this Notice of Removal, Defendant will file a Notice of Filing of County Court Records pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1. This filing will include a true and correct copy of the County Court docket, and all available County Court pleadings, motions, and other papers known to have been served on Defendant.

7. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Summons (**Exhibit C**) and Complaint (**Exhibit A**) are attached to this Notice of Removal.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served on Plaintiff.

9. Pursuant to 28 U.S.C. § 1446(d), Defendant will file a Notice of Filing of Notice of Removal in the pending County Court Action.  A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit D.**

10. Pursuant to D.C.Colo.LCivR 81.1, Defendant states that no hearing or motions are pending, nor has any trial been set in the State Action..

11. Pursuant to Fed. R. Civ. P. 81(c), Defendant will present its defenses by pleading at the time prescribed therein, and specifically reserves its right to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

12. Venue is proper in the United States District Court for the District of Colorado because this District embraces the location where the State Action is pending.  *See* 28 U.S.C. § 1446(c).

## FEDERAL QUESTION JURISDICTION

13. Plaintiff's Complaint asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C § 1331 because it contains three causes of action arising under the Constitution and the laws of the United States.

14. Plaintiff's Complaint alleges that Defendant has violated the ADA pursuant to 42 U.S.C § 12101 et seq., the FHA pursuant to 42 U.S.C. § 3617, and the Fourteenth Amendment of the Constitution. *See generally,* Plaintiff's Compl., **Exhibit A**.

15. Federal question jurisdiction exists when a "federal question is presented on the face of the Plaintiff's properly pleaded complaint." *Caterpillar, Inc., v. Williams,* 482 U.S. 386, 392 (1987);

16. In addition, the Plaintiff's cause of action must either be: "(1) created by federal law; or (ii) if is a state-created cause of action, 'its resolution must necessarily turn on a

3

substantial question of federal law.'" *Nicodemus v. Union Pac. Corpo.,* 318 F.3d 1231, 1235 (10th Cir. 2003).

17. Claims under the ADA are created by federal law and supports federal question jurisdiction. *Asselin v. Shwanee Mission Medical Center, Inc.,* 894 F.Supp. 1479, 1484 (D. Kansas 1995).

18. Furthermore, "[i]t is well established that federal question jurisdiction may be invoked in an action by a Plaintiff asserting constitutional rights under the Fourteenth Amendment." *McCarther v. Grady County, Okl.,* 437 F.Supp. 831, 835 (W.D. Okla 1977) (citing *City of Kenosha v. Bruno*, 412 U.S. 507 (1973)).

19. Finally, claims regarding discrimination subject to the FHA are also sufficient to establish federal question jurisdiction. *See generally, Fedynich v. Inn Between of Longmont*, Civil Action No. 17-cv-01952-GPG 2018 WL 4345189 (D. Colo. Jan. 9, 2018).

20. This Court has federal question jurisdiction over each of these causes of action under 28 U.S.C. § 1331 since all three causes of action are created by the Constitution or federal law.

## SUPPLEMENTAL JURISDICTION

21. Pursuant to 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

22. "Federal courts may exercise pendent jurisdiction over state-law claims when "state and federal claims…derive from a common nucleus of operative fact." *Gallup Med Flight, LLC v. Builders Trust of New Mexico,* 240 F.Supp.3d 1161, 1208 (D. N.M. 2017).

4

23. All of Plaintiff's allegations arise from a single alleged incident regarding Plaintiff's alleged relocation from Defendant's homeless shelter. *See generally,* Plaintiff's Complaint, Exhibit A.

24. Since Plaintiff's federal and state claims arise from the same isolated incident, both sets of allegations derive from a common nucleus of operative fact. *United Mine Workers of America v. Gibbs.,* 383 U.S. 715, 723-724 (1966).

25. Based on the foregoing, this Court has original federal question pursuant to 28 U.S.C. § 1331 jurisdiction over the Fair Housing claim, the Americans with Disability Act claim and the Constitutional claim.

26. Based on the forgoing, the Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

WHEREFORE, Defendant Samaritan House requests that the action now pending in the County Court for the City and County of Denver, Colorado, Case No. 2021C00935, be removed to the United States District Court for the District of Colorado, and that all further proceedings be heard by this Court.

Respectfully submitted this 28th day of October, 2021.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

*s/ Elliot Reaven*
Michael J. Plachy, Esq.
Elliot Reaven, Esq.
1601 19th Street, Suite 1000
Denver, CO 80202
Tel.:   (303) 623-9000
Email:  ereaven@lewisroca.com
        mplachy@lewisroca.com

*Attorneys for Defendant Samaritan House*

## CERTIFICATE OF SERVICE

I certify that on the 28th day of October, 2021, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed via the CM/ECF system and was served via U.S. mail, first-class postage prepaid on the following:

Maysi Yoder
P.O. Box 40208
Denver, CO 80204
*Pro Se*

        LEWIS ROCA ROTHGERBER CHRISTIE LLP

        *s/ Elliot Reaven*
        Elliot Reaven, Esq.